UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL IHLE,

    Plaintiff,

vs.

WINN CONSTRUCTION LLC,
WILLIAM S. RAMSEY, Individually, and
LINN E. FRANK, Individually.

    Defendants.

Case No.:

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL IHLE ("Ihle" or "Plaintiff"), by and through his undersigned attorneys, sues Defendants, WINN CONSTRUCTION, LLC., a Florida Limited Liability Company ("WINN"), WILLIAM S. RAMSEY ("RAMSEY"), individually, and LINN E. FRANK ("FRANK"), individually, (collectively referred to as "Defendants") and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Defendants are subject to the personal jurisdiction of the United States District Court because they engage in substantial and not isolated activity within this judicial district.

4. Defendants are also subject to the personal jurisdiction of the United States District Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida. Specifically, Defendant WINN's principal place of business is located at 3561 Golden Gate Blvd West, Naples, Florida 34120, and Defendants RAMSEY and FRANK are both residents of Collier County.

## FLSA COVERAGE

5. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendants had gross sales volume of at least $500,000 annually.

7. At all times material, Defendants have and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of WINN; (b) determine the work schedules for the employees of WINN; and (c) control the finances and operations of WINN, Defendants RAMSEY and FRANK, are employers as defined by 29 U.S.C. §201 *et. seq*.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. At all times material hereto, the work performed by the Plaintiff was essential to the business performed by Defendants.

## VENUE

12. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

    a. The unlawful pay practices alleged herein occurred in Naples, Florida, in the Middle District of Florida;

    b. At all times material hereto, Defendant WINN was and continues to be a Florida Limited Liability Company registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

    c. Defendants employed Plaintiff in the Middle District of Florida.

## PARTIES

13. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

14. Defendant WINN was, and continues to be, a Florida Limited Liability Company engaged in the transaction of business in Collier County, Florida, with its principal place of business located in Naples, Florida.

15. Upon information and belief, at all times material to this action, Defendants RAMSEY and FRANK were, and continue to be, residents of Collier County, Florida.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

16. Plaintiff realleges Paragraphs 1 through 16 as if fully stated herein.

17. At all times material hereto, Defendants built new, custom single-family homes, remodeled single-family homes, and also remodeled commercial development properties.

18. Defendants hired Plaintiff in or around November of 2017. Plaintiff was hired by Defendants to work as a laborer.

19. Plaintiff was initially paid on an hourly basis. On or around June 1, 2019, Plaintiff's pay was changed to a salary basis.

20. Plaintiff's employment ceased on or about November 25, 2019.

21. Beginning with the date of Plaintiff's hire in November 2017 and continuing through November 25, 2019, Plaintiff worked hours and workweeks in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

22. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

25. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

26. Due to the unlawful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, plus liquidated damages in an equal amount.

27. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that final judgment be entered in his favor against Defendants as follows:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in amounts according to proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

**Dated: December 27, 2019**

        **Respectfully submitted,**

        **By:**   /s/   **Jason L. Gunter**
        Jason L. Gunter
        Fla. Bar No. 0134694
        Conor P. Foley
        Fla. Bar No. 111977
        **GUNTERFIRM**
        1514 Broadway, Suite 101
        Fort Myers, FL   33901
        **Phone:** (239) 334–7017
        **Fax:**   (239) 236–8008
        **Email:**   Jason@Gunterfirm.com
        **Email:**   Conor@Gunterfirm.com